UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MATTHEW HEAVEN, | CASE NO. 25-cv-01857-JHC |
| Plaintiff, | ORDER |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

This matter comes before the Court sua sponte on pro se petitioner Matthew Heaven's Complaint, Dkt. # 1.

A complaint filed by any party that seeks to proceed in forma pauperis (IFP) under 28 U.S.C. § 1915(a) is subject to screening, and a court must dismiss a complaint that is frivolous, malicious, fails to state a claim, or seeks damages from defendants that are immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *see Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc).  A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  The plaintiff does not need to provide detailed factual allegations, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S.

ORDER - 1

662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Still, when the plaintiff is pro se, courts "construe the pleadings liberally and afford the petitioner the benefit of any doubt."  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (quoting *Bretz v. Kelman,* 773 F.2d 1026, 1027 n.1 (9th Cir.1985) (en banc)).

Even construing Heaven's claims liberally, he fails to state a claim.  The allegations in his complaint are a series of conclusory statements.  For instance, he claims, "On December 5, 2021, Plaintiff suffered injuries in a purported vehicle accident later admitted to have been fabricated by FBI personnel"; "In 2022, FBI personnel sabotaged Plaintiff's driver licensing tests and pressured him to sue a private citizen as misdirection"; and, "In 2023, Plaintiff was incapacitated with chemicals while asleep, and unknown perpetrators inflicted burns consistent with electrocautery or similar device."  Dkt. # 1 at 6.  He then recites the elements of each of the causes of action.  As one example, he says, "Count I – Negligence: Defendant, through its employees, breached duties of care by staging a false accident, ignoring credible reports, permitting assaults, and failing to prevent an attempted vehicular homicide."  *Id.* at 7.  And he seeks $5 billion in compensatory damages.  *Id.* at 9.  Plaintiff's allegations are insufficient to state a claim.  *Iqbal*, 556 U.S. 662, 678 (2009).

For these reasons, the Court DISMISSES without prejudice Heaven's claims under 28 U.S.C. § 1915(e)(2)(B)(ii) and grants him leave to amend, if he wishes, within 14 days of the filing of this Order.  *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (when a court dismisses a self-represented plaintiff's complaint, the court must give the plaintiff leave to amend "[u]nless it is absolutely clear that no amendment can cure the defect" in the complaint).  If Heaven 's amended complaint fails to meet the required pleading standard, the Court will dismiss the matter with prejudice.

ORDER - 2

Dated this 20th day of October, 2025

*John H. Chun*
John H. Chun
United States District Judge

ORDER - 3